RECEIVED
DEC 16 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW STEVENS,<br><br>Plaintiff,<br><br>DON HARRIS, MICHAEL BOATMAN, JACY BARKER, and ABIGAIL WILLIAMS,<br><br>Defendants. | Civil No. _____<br><br>**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983** |

### I. Introduction

This is a civil rights complaint brought by Plaintiff ("Hereinafter Stevens"), a state prisoner seeking declaratory relief, compensatory and punitive damages, alleging defendants prevented a necessary court appearance for the resolution of an IAD matter, which caused the proximate harm to Plaintiff shown in the following causes of action.

### II. Jurisdiction

This action is authorized by 42 U.S.C § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C §§ 1331, 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C §§ 2201, 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C §§ 2283, 2284 and by Fed. R. Civ. P. rule 65.

### III. Venue

Venue is proper in this Court, for the Northern District of Iowa, Western Division, Sioux City, Iowa, under 28 U.S.C § 1391(b)(2), because it is where the events giving rise to this claim occurred. All defendants are employed at the Fort Dodge Correctional Facility, 1550 L. Street, Fort Dodge, Iowa.

1

## IV. PLRA Exhaustion Requirements Satisfied

The burden of proof to plead and prove exhaustion of administrative remedies under the PLRA has not been required since 2007, premised on a United States Supreme Court decision. However, Stevens shows this Court that he has indeed exhausted the required administrative grievance procedures. First, Stevens completed the *informal resolution process* by sending a KIOSK message to Defendant Harris. Second, Stevens wrote and filed a grievance that was denied by Defendant Barker. Next, Stevens appealed the decision of Defendant Barker to Defendant Boatman. Defendant Boatman sustained Defendant Barker's denial of the grievance. Finally, Stevens filed an appeal of the denial of his grievance to Defendant Abigail Williams, who subsequently upheld the denial of the grievance

## V. Plaintiff

Matthew Lloyd Stevens (Hereafter "Plaintiff", or "Stevens"), is and was at all times relevant to the complaint alleged herein, a prisoner of the State of Iowa, in the custody of the Iowa Dept. of Corrections ("Hereafter IDOC"). Plaintiff is currently incarcerated at the Fort Dodge Correctional Facility, 1550 L. Street, Fort Dodge, Iowa, 50501 ("Hereafter FDCF").

## VI. Defendants

Defendant Abigail Williams is the Regional Deputy Director of the IDOC. She is legally responsible for answering complaints and grievances regarding issues arising at the Fort Dodge Correctional Facility, which is under her jurisdiction; jurisdiction given her by the IDOC. Defendant Williams is sued in her individual and official capacities.

Defendant Don Harris is the Warden of the FDCF and the North Central Correctional Facility ("Hereafter NCCF") in Rockwell City, Iowa. He is responsible for the day to day operations of both prisons. He is also responsible for subordinate employees, including grievance officers, healthcare providers, correctional officers, and all support staff. He is the final authority and decision-maker to determine whether or not prison grievances should be sustained or denied. He also can relegate his last step authority regarding the grievance procedure to a designee of his choice, that designee being upper management staff. Defendant Harris is sued in both his individual and official capacities.

Defendant Michael Boatman is the Deputy Warden of the FDCF. He has responsibilities and authority delegated to him the same as those of Defendant Harris. Defendant Boatman is sued in his individual and official capacities.

Defendant Barker is charged with the responsibility of answering prisoners' grievances. When those grievances show merit and are thoroughly investigated, she has a duty to sustain them. She is sued in her individual and official capacities.

## VII. Facts

1. From March of 2023, through June of 2024, Plaintiff was housed in the NCCF. NCCF is designated as a minimum security facility. This is one of the lowest security level facilities Plaintiff could attain to.

2. Plaintiff had 16 months of clear conduct in the institution prior to the detainer being lodged. Plaintiff was also a re-entry program facilitator, teaching rehabilitative classes.

3. Plaintiff had earned the highest privilege level. The benefits of that privilege level included housing on Honor Living Unit C. Employment opportunities included, the ability to work private sector jobs off prison grounds unattended by staff. This minimum security status made it possible for Plaintiff to pay down his restitution obligations; because the employment was private sector and paid thirteen dollars per hour, it made it possible to acquire financial independence.

4. Restitution obligations amounted to several thousand dollars. To date, Plaintiff has paid off approximately six-thousand dollars of that debt.

5. Plaintiff was also able to take advantage of the opportunity to leave prison grounds to attend vocational training, as an Industrial Machinist at Iowa Central Community College.

6. Plaintiff was also able to facilitate pro-social programs and teach classes, allowing him an outlet to manage his own mental health proactively. (insert statements concerning MH and meds)

7. On June 7, 2024, Plaintiff was informed by a Shift Captain, that Butler County, Nebraska, had lodged a detainer against him. As a result of that detainer action, Plaintiff was placed into segregation for 7 days.

8. On June 11, 2024 Plaintiff, while still at the NCCF, was presented with Interstate Agreement on Detainers ("Hereafter, IAD") forms to sign.

9. On June 14, Plaintiff was transferred to the FDCF. Upon arrival at the FDCF, Plaintiff was instructed to contact the issuing court in Nebraska. Plaintiff, at the time, was without counsel.

3

10. Upon contacting the issuing prosecuting authority, Plaintiff was informed the prosecutor had no objections to a concurrent sentence and no objections to remote sentencing.

11. A sentencing date was scheduled for September 10, 2024. When the court contacted the FDCF to schedule a Xoom video call per the Nebraska Judge's requirements for sentencing, the FDCF refused to accommodate.

12. It was made known to the court, Defendant Harris would not accommodate a Xoom Video call. Harris would only allow access to the audio portion of the call. Court was then cancelled, without Plaintiffs knowledge.

13. Plaintiff attempted informal resolution with defendants Harris and Boatman through the institutional kiosk system without success.

14. Defendant Boatman failed to apply the principles of the IAD, when further denying Plaintiff's grievance; which was requesting that he be allowed to participate in the Xoom hearing, set up to resolve his detainer.

15. Defendant Harris denied Plaintiff's request for access to the Xoom video call approved by Nebraska Judge, stating in an institutional kiosk message "We don't do video calls for court".

16. Plaintiff was informed that his out-of-state attorney would be allowed to enter the prison to facilitate the Xoom video call with his personal laptop. The problem with that rationale, is the substantial cost associated with the attorney having to travel several hundred miles, is next to nonsensical; the entire purpose of the IAD was to promote and facilitate a timely and reasonable resolution to outstanding detainers.

17. Plaintiff was further informed by Unit Manager Rysavy, that Case Managers had the authority to supervise such video calls on their office computers, but they chose not to accommodate any court sponsored/ordered Xoom calls.

18. Due to Defendants refusal to allow the court required Xoom call, Plaintiff began the formal grievance process, culminating in several appeals ending with defendant Williams as the highest authority.

19. Defendant Williams upheld the denial of the grievance, stating the lack of a written court order was the ground she was relying on to deny access to the Xoom video call.

20. Because of Defendant William's decision to deny Plaintiff's grievance, she denied in effect, the ability to bring the detainer to a conclusion; namely to place Plaintiff back in the position he was in prior to the detainer being lodged.

4

21. Plaintiff has lost several months of taxable income because of his removal from minimum security and his work opportunities.

22. Plaintiff has been denied the opportunity to receive a concurrent sentence.

23. Plaintiff has been subject to the psychological stresses of a higher security institution resulting in him having to seek help in form of medication again.

24. Plaintiff has repeatedly informed staff of the legal disadvantages his situation had placed on him with no avail.

25. Plaintiff is also having trouble contacting his new attorney, who has reported to his family that he is unable to schedule a call to speak with his client. Facility staff deny all knowledge of this.

26. Plaintiff has been informed he will have to wait until he paroles in Iowa, before being transferred to Nebraska and his detainer; because of the Defendants' refusal to accommodate the Nebraska Judge's offer to conclude the IAD matter through a Xoom video conference.

27. Nebraska officials signed for Plaintiff's IAD June 28, 2024 making the 180 time clock expire on December 28, 2024.

28. Plaintiff's tentative parole date is in February 2025, two months after the expiration of the IAD

29. Defendant Jacy Barker responded to Plaintiff's initial grievance. As a grievance officer, she has the responsibility of investigating the complaint and issuing a response based on a thorough investigation of the facts and the law, dealing with the IAD at issue. She wholly failed to investigate or to research and apply the provisions of the IAD.

## VIII. Causes of Action

30. For Plaintiff's first cause of action, he alleges those facts in paragraphs 9 through 11 above, that demonstrate Defendant Harris, while acting under color of state law, was the proximate cause of the loss of the opportunity to obtain a sentence to run concurrent with Plaintiff's current sentence, all in violation of the IAD and Plaintiffs fourteenth amendment rights to due process. Defendant Harris is being sued in his individual and official capacities.

31. For Plaintiff's second cause of action, he alleges those facts in paragraphs 17 and 18 above, that demonstrate Defendant Williams, while acting under color of state law, was the proximate cause of the loss of the opportunity to permit the IAD proceedings to be concluded, all
5

Case 3:24-cv-03051-CJW-MAR   Document 1-1   Filed 12/17/24   Page 5 of 8

in violation of the IAD and Plaintiffs fourteenth amendment rights to due process. Defendant Williams is being sued in her individual and official capacities.

32. For Plaintiff's third cause of action, he alleges those facts in paragraphs 12 and 13 above, that demonstrate Defendant Boatman while, acting under color of state law, was a proximate cause of the loss of the opportunity to conclude the agreement reached by the Nebraska Prosecutor and Plaintiff, which provided for the opportunity for a sentence to run concurrent with the sentence Plaintiff was currently serving. Defendant Boatman is being sued in his individual and official capacities.

33. For Plaintiff's fourth cause of action, he alleges those facts in paragraph 28 above, that demonstrate Defendant Barker, while acting under color of state law, was the proximate cause of the loss of the opportunity to conclude the agreement reached by the Nebraska Prosecutor and Plaintiff, which provided for the opportunity for a sentence to run concurrent with the sentence Plaintiff was currently serving. Defendant Barker is being sued in her individual and official capacities.

### VIIII. Prayer for Relief

**WHEREFORE**, plaintiff respectfully prays that this court enter judgment granting the following:

34. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States and the Interstate Agreement on Detainers.

35. An injunction requiring the Defendants to immediately, without delay or bad faith, restore Plaintiff's minimum security status by returning him to the NCCF, where he was housed prior to the lodging of the Nebraska detainer. The injunction should include a directive that compels Defendants to approve and facilitate a Xoom video call in order to resolve the detainer matter, namely that Plaintiff can attend the sentencing on the guilty plea as required by the Nebraska Court.

36. Compensatory damages in the amount of $2,250.00 against each defendant, jointly and severally, for the loss of income from Game One Inc., for the past five months. Total monthly wages paid to plaintiff from Game One Inc., was $2,000.00 (Game One Inc. is a private sector screen print company located in Carrol, Iowa)

37. Damage amounts commensurate with the loss of the vocational opportunity while attending the Industrial Machinist Course at Iowa Central Community College. Due to the Defendants'

actions placing Plaintiff in segregation and transferring him to the FDCF before completing the class and before concluding the detainer matter.

38. Punitive damages in the amount of $1,000.00 against each defendant. For exercising evil motive and intent by deliberately and knowingly violating Plaintiff's Fourteenth Amendment right to due process, and for violating the provisions of the IAD. This request for punitive damages is to send an unambiguous message to the Defendants that they cannot, with impunity, violate the due process provisions of the IAD.

39. Plaintiff's costs pursuant to 42 U.S.C. § 1988.

40. Any additional relief this court deems just, proper, and equitable in the premises.

Respectfully submitted,

*[signature: Matt Stevens]*

Matthew l. Stevens # 6397781
Fort Dodge Correctional Facility
1550 L. Street
Fort Dodge, Iowa 50501

Matthew Stevens IDOC #6397781
Fort Dodge Correctional Facility
1550 L. Street
Fort Dodge, IA 50501



12/11/24

XRAYED US MARSHALS SERVICE

Confidential Legal Mail
Privileged ---

Clerk of the Court
United States District Court
Northern District of Iowa
Western Division
320 6th Street #301
Sioux City, IA 51101